**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Jeffie DANIEL, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 23, 2011.

Filed Oct. 11, 2011.

---

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Michael J. Malloy, Media, for appellee.

BEFORE: BOWES, ALLEN, and PLATT *, JJ.

OPINION BY BOWES, J.:

The Commonwealth appeals from the judgment of sentence of eleven and one-half to twenty-three months imprisonment followed by five years probation that was imposed after Appellee pled guilty to two counts of aggravated assault and one count of possession of an instrument of crime. We vacate the sentence and remand for re-sentencing.

On June 29, 2010, Appellee entered an open plea of no contest to two counts of aggravated assault graded as first-degree felonies and possession of an instrument of crime, a first-degree misdemeanor. He faced forty-five years imprisonment. The factual basis for the plea was as follows. On September 6, 2008, there was a party involving the use of drugs and alcohol on North Broad Street, Philadelphia, that was attended by two cliques. After the party ended and everyone exited the premises, a person in Appellee's group noticed that his cell phone was missing and concluded that someone in the other group possessed it. Members of the two cliques contacted each other, and they agreed to meet at a Wawa Market at the intersection of Grant Avenue and Bluegrass Road, Philadelphia. After the phone was returned to its owner, an argument ensued between Appellee and an individual from the other group, Nicholas Cutrera. Appellee retrieved a knife from his pocket and stabbed Mr. Cutrera,

* Retired Senior Judge assigned to the Superior Court.

who suffered a lacerated liver and abdominal injuries. When Mr. Cutrera's friend, Daniel Maveiro, saw him bleeding, Mr. Maveiro confronted Appellee, who then stabbed that victim numerous times. Mr. Maveiro's liver also was lacerated and a lung was punctured. Appellee immediately fled in a car. Both victims were hospitalized in critical condition and identified Appellee, whom they knew by his nickname, as their attacker from photographic arrays shown to them by police.

When the case proceeded to sentencing on September 10, 2010, Appellee had served between seventeen and eighteen months in county prison on the present charges. The court had the benefit of a pre-sentence report, which is contained in the record certified to this Court. At the time of sentencing, Appellee had a prior record score of three. At twenty years of age, he pled guilty to unauthorized use of a motor vehicle and received probation. In 2005, Appellee was involved in three separate criminal episodes and pled guilty to possession of drug paraphernalia, receiving stolen property, and a felony offense of possession of marijuana with intent to deliver. The pre-sentence report also established that on March 10, 2009, after Appellee committed the present crimes, he was charged with the following violations of the Uniform Firearms Act: possession of a firearm by a prohibited person, possession of an unlicensed firearm, and possession of a firearm with an altered or obliterated identification mark. Finally, the report indicates that Appellee was on probation when the present crimes were committed.

The offenses of aggravated assault at issue in this case were assigned an offense gravity score of eleven because both victims sustained serious bodily injury. The district attorney informed the sentencing court that Mr. Cutrera nearly died from his stab wounds. The guidelines called for a standard range sentence for each aggravated assault of four and one-half to six years plus or minus twelve months for the aggravated/mitigated ranges.

The court elected to impose a sentence drastically below the recommended guidelines because: 1) Appellee pled no contest when he could have presented a self-defense claim at trial and thus accepted responsibility for the crimes; 2) he displayed remorse at sentencing; 3) the crimes were committed under the influence of drugs and/or alcohol; 4) Appellee did not begin his criminal activities until he was twenty years old; and 5) he had family support and was one year from graduating from college with a B average. N.T. Sentencing, 9/10/10, at 45–47. Appellee was sentenced to two concurrent terms of eleven and one-half to twenty-three months imprisonment, made immediately eligible for parole, and given a probationary term of five years. Thus, the sentence imposed herein was one-quarter of the sentence outlined as the minimum standard-range sentence for a single aggravated assault.

The Commonwealth filed a motion for reconsideration. At the hearing on that motion, the Commonwealth revealed more details about Appellee's crimes, including that he had used a butterfly double-edged knife in the attack. N.T. Motion, 10/8/10, at 9. It also noted that Appellee had pled guilty to the 2009 weapons offenses. Furthermore, Mr. Cutrera's family did not know for three or four days whether he would survive. After the attack, Mr. Cutrera was unable to return to school for two semesters and still suffered from digestive problems and pancreatitis. The Commonwealth also noted that eyewitnesses told police that Appellee had the knife in his possession before his group arrived at the Wawa Market and that the unarmed victims had done nothing to provoke the knife attack. This timely appeal followed the

sentencing court's refusal to reconsider its sentence.

■ On appeal, the Commonwealth contends that the court's decision to sentence so dramatically below the guidelines was unreasonably lenient, was dependent upon improper factors and factual findings unsupported by the record, disregarded the serious nature of the offenses, and ignored Appellee's criminal background, which demonstrated that he had consistently engaged in more serious criminal behavior. These arguments relate to the discretionary aspects of the sentence imposed. As required by Pa.R.A.P. 2119(f), the Commonwealth has included in its brief a statement of reasons relied upon for allowance of appeal. Commonwealth's brief at 9. Furthermore, the Commonwealth's allegations raise a substantial question as to the appropriateness of this sentence, permitting us to review the sentence. *Commonwealth v. P.L.S.*, 894 A.2d 120 (Pa.Super.2006) (allegation that court unreasonably sentenced outside the guidelines raises a substantial question); *Commonwealth v. Simpson*, 829 A.2d 334 (Pa.Super.2003) (averment that the court relied upon an impermissible factor during sentencing raises a substantial question).

In *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007), our Supreme Court observed that the parameters of this Court's review of the discretionary aspects of a sentence is confined by the dictates of 42 Pa.C.S. § 9781(c) and (d). Section 9781(c) states in relevant part that we may "vacate the sentence and remand the case to the sentencing court with instructions"

if we find that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa. C.S. § 9781(c)(3). Section 9781(d) provides that when reviewing a sentence, we must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

■ The *Walls* Court noted that the term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment. It held that a sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b).[1]

We conclude that this sentence is unsound when we consider the factors outlined in § 9781(d).[2] First, we look at the offenses and Appellee's history and character. The nature and circumstances of the offenses were extremely serious. Appellee nearly killed an unarmed man by stabbing him in the stomach and he seriously injured another unarmed man. Appellee's history and characteristics demonstrate that he has engaged in increasingly serious criminal behavior and continued to flaunt

---

1. Section 9721(b) states in pertinent part:
   [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and

the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing[.]

2. In light of this determination, we need not engage in an analysis pursuant to § 9721(b).

our laws, even after commission of the offenses at issue.

Next, pursuant to § 9781(d)(2), we weigh the sentencing court's opportunity to observe the defendant and any presentence investigation. In this case, we will defer to the sentencing court's ability to view Appellee's expression of remorse, which occurred at the sentencing hearing. However, we have reviewed the pre-sentence report, and it engenders skepticism that these expressions were sincere because Appellee did not accept responsibility for his actions. According to Appellee's version of events to the pre-sentence investigator, he saw a member of the other group with a knife and then used a small penknife to defend himself. The evidence offered at the plea proceedings and contained in police reports contradicts these statements. An eyewitness reported that the knife used was a double-edged butterfly knife. Another eyewitness told police that Appellee placed it in his pocket before arriving at the Wawa Market. A third eyewitness informed police that Appellee instigated the confrontation and then pulled out his knife before stabbing both unarmed victims. Thus, the record indicates that, contrary to Appellee's claims to the investigator, neither victim was armed, he did not use a harmless pen knife, and he did not act to defend himself. In light of how Appellee described these crimes to the pre-sentence investigator, it cannot credibly be posited that Appellee has accepted responsibility for his actions herein.

Appellee's protestations that he felt remorse for his actions also are undermined by the fact that in 2009, he was in possession of an unlicensed firearm with an obliterated identification mark and subsequently pled guilty to possession of that gun. Ownership of such a weapon dissipates any conclusion that Appellee sincerely intended to cease a life of crime.

The third factor under § 9781(d) that we must consider is the trial court's findings which, in the present case, either are unsupported by the record or do not bolster imposition of a lenient sentence. First, the record lacks support for the sentencing court's conclusion that Appellee could have proffered self-defense at trial. The factual basis for the plea and the various police statements of witnesses do not indicate that either victim approached or attacked Appellee, or were armed. To the contrary, one eyewitness informed the police that Appellee provoked the confrontation with Mr. Cutrera and then took out his knife and started stabbing him.

Additionally, under the circumstances presented in this case, the fact that Appellee tendered a no-contest plea can hardly be accorded the vast weight assigned by the sentencing court. Appellee was identified by the two victims as well as two other eyewitnesses as the perpetrator of the stabbings. The assaults were caught on tape. While Appellee's decision to plead no-contest could be considered at sentencing, it certainly cannot justify an eighteen-month term of imprisonment for nearly killing a person and critically wounding someone else.

Next, the court mitigated the sentence because Appellee became a criminal at twenty. We simply cannot understand why the fact that Appellee did not start committing crimes until he was twenty years old is a mitigating factor. Rather, by that time, Appellee was an adult and had sufficient maturity to understand that his actions were wrong. The court also noted that Appellee was under the influence of drugs and alcohol, but this finding, alone, simply cannot justify this dramatic departure from the recommended guidelines.

Under § 9781(d), the fourth item we examine are the guideline ranges them-

selves. Herein, we are not dealing with a slight departure from those recommendations. Appellee assaulted two men and both sustained serious bodily injury. Despite the vicious nature of the attacks and the dramatic injuries suffered by the victims, Appellee received a sentence that was twenty-five percent of the **lowest** standard range figure.

*Commonwealth v. Wilson*, 946 A.2d 767 (Pa.Super.2008), *aff'd per curiam*, 601 Pa. 96, 971 A.2d 1121 (2009), is instructive herein. In that case, the defendant pled guilty in connection with his robbery of two victims, whom he struck with bricks to commit the crimes. One of those victims suffered significant trauma while the other victim had a minor injury. The court imposed a sentence identical to the one herein: two concurrent eleven-and-one-half-to-twenty-three-month terms of imprisonment with immediate parole followed by a long probationary tail. We concluded that the sentence, which was a significant downward deviation from the guidelines, was unreasonably lenient. We noted that the robberies were classified as first-degree felonies and were unusually brutal. The aggravated assaults herein also were classified as first-degree felonies and actually were substantially more vicious than those at issue in *Wilson*.

In *Wilson*, as in the present case, when imposing sentence, the trial court relied on the fact that the defendant's actions resulted from his drug addiction and that by pleading guilty, he accepted responsibility for his actions. We concluded that the proffered reasons were not sufficient to justify the drastic downward departure from the guidelines. We observed in *Wilson* that "many crimes are committed by drug-dependent individuals, but drug dependence alone does not justify leniency to this degree, particularly when it is accompanied by aggressive behavior." *Id.* at

775. We also noted that the sentencing court overlooked the brutality of the crimes at issue and improperly diminished the significance of the defendant's prior criminal history. Similarly, instantly, Appellee's use of drugs and/or alcohol and entry of a plea do not justify the extreme leniency accorded him given the ferocity of his attacks and his prior criminal history. *See also Commonwealth v. Cleveland*, 364 Pa.Super. 402, 528 A.2d 219 (1987) (court's decision to sentence defendant significantly below guidelines based upon his drug addiction was unreasonable in light of defendant's criminal history and nature of offense). Thus, we conclude that in light of the factors outlined in § 9781(d), the extreme downward departure from the guidelines was irrational and unsound.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.