J-S09032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN JOSE GONZALES, | |
| Appellant | No. 1292 WDA 2014 |

Appeals from the Judgment of Sentence entered April 24, 2013,
in the Court of Common Pleas of Venango County,
Criminal Division, at No(s): CP-61-CR-0000289-2011

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 11, 2015**

Juan Jose Gonzales ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of two counts of unlawful contact with a minor, one count of endangering the welfare of children, two counts of corruption of minors, and two counts of indecent exposure.[1] Appellant's appointed counsel seeks to withdraw, citing **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts are as follows:  On February 28, 2011, Sergeant Steven E. Hamilton of the Oil City Police Department received a report from the

---

[1] 18 Pa.C.S.A. §§ 6318, 3304(a), 6301(a) and 3127(a).

Venango County Children and Youth Services that Appellant, on several occasions, exposed himself and/or inappropriately touched his girlfriend's minor daughters. Affidavit of Probable Cause, 3/9/11. Appellant was subsequently arrested and charged with rape of a child, involuntary deviate sexual intercourse, two counts of unlawful contact with a minor, one count of indecent assault, one count of endangering the welfare of children, three counts of corruption of minors and three counts of indecent exposure.

A jury trial commenced on October 14, 2011, at the conclusion of which the jury found Appellant guilty of two counts of unlawful contact with a minor, one count of endangering the welfare of children, two counts of corruption of minors, and two counts of indecent exposure. The jury was deadlocked on the remaining counts, and the trial court declared a mistrial. By order dated August 28, 2012, the remaining counts were *nolle prossed*.

Following a sentencing hearing on April 24, 2013, the trial court sentenced Appellant to an aggregate term of imprisonment of 9½ to 24 years. Appellant filed a motion for reconsideration on May 6, 2013, which the trial court denied on May 7, 2013. Appellant filed a notice of appeal on June 7, 2013, and on September 27, 2013, this Court quashed the appeal for Appellant's failure to file the appeal within thirty days from the judgment of sentence.

On February 25, 2014, Appellant filed a *pro se* petition for post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, seeking reinstatement of his direct appeal rights. The

PCRA court appointed new counsel, who filed an amended PCRA petition on April 22, 2014. Following a hearing on July 3, 2014, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal on July 31, 2014, and the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by September 25, 2014. On September 23, 2014, Appellant's counsel filed a notice of intent to file an ***Anders/McClendon*** brief pursuant to Pa.R.A.P.1925(c). On September 26, 2014, the trial court entered an order explaining that in light of counsel's statement of intent to file an ***Anders/McClendon*** brief, it would not submit a Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

I. WHETHER PRIOR COUNSEL WAS INEFFECTIVE FOR FAILING TO HAVE THE APPELLANT TESTIFY ON HIS OWN BEHA[LF] DURING TRIAL?

II. WHETHER THE SENTENCE IMPOSED BY THE [TRIAL] COURT WAS EXCESSIVE IN LIGHT OF THE CHARGES?

III. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO SUSTAIN THE JURY'S GUILTY VERDICTS?

***Anders*** Brief at 5.

Appellant's counsel has filed a brief pursuant to ***Anders*** and its Pennsylvania counterpart, ***McClendon***. ***See Anders***, 386 U.S. 738; ***McClendon***, 434 A.2d at 1187. Where an ***Anders/McClendon*** brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to ***Anders*** to: (1) petition the court for leave to

withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. ***Commonwealth v. McBride***, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the ***Anders*** process." ***Commonwealth v. Woods***, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the ***Anders*** brief the reasons for concluding that the appeal is frivolous. If these requirements are met, this Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated October 24, 2014, Appellant's counsel notified Appellant of his intent to file an ***Anders*** brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. On November 3, 2014, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an ***Anders*** brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of ***Anders*** have been met. We will therefore conduct our own independent examination

of the issues set forth in the **Anders** brief to determine if they are frivolous and whether counsel should be permitted to withdraw.

In his first issue, Appellant argues that his trial counsel was ineffective for failing to have Appellant testify on his own behalf during trial. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, in general, claims of ineffective assistance of counsel should be deferred to collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. **Holmes**, 79 A.3d at 576. The limited and specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **Id.** at 577-78 (explaining that the trial court may address claims of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted", or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Appellant must therefore raise his ineffectiveness claim in a PCRA petition. Although Appellant had previously filed a PCRA petition in this case, the trial court granted relief only insofar as reinstating his direct appeal rights *nunc pro tunc*, and did not conduct a hearing on the underlying ineffectiveness claim. Accordingly, Appellant's first issue is without merit, and we deny relief without prejudice for Appellant to seek relief under the PCRA.

Appellant next argues that the sentence imposed by the trial court was excessive. *Anders* Brief at 13. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Although Appellant failed to include a Pa.R.A.P. 2119(f) statement in his brief, the Commonwealth has not objected to the omission. *See Commonwealth v. Stewart*, 867 A.2d 589 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object). Therefore, we

proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court abused its discretion when it imposed a sentence in the aggravated range of the sentencing guidelines. *Anders* Brief at 13. To the extent Appellant argues that the trial court failed to state sufficient reasons on the record for its aggravated range sentence, this claim presents a substantial question for our review. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (allegation that court failed to state adequate reasons on the record for imposing an aggravated range sentence raises a substantial question for our review).

In reviewing Appellant's sentencing issue, we are mindful that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Vega*, 850 A.2d 1277, 1281 (Pa. Super. 2004) (citation omitted). "Moreover, the sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." *Id*. (citations and internal quotation omitted).

When considering a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super.

2013). In conducting this review, we are guided by the statutory requirements of 42 Pa.C.S.A. § 9781(c) and (d). *Id*. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances. Relevant here is the second circumstance, *i.e.*, whether Appellant's sentence is within the sentencing guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). "[T]he term 'unreasonable' generally means a decision that is either irrational or not guided by sound judgment. [A] sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S.A. § 9721(b)." ***Commonwealth v. Daniel***, 30 A.3d 494, 497 (Pa. Super. 2011), *quoting* ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007).

Pursuant to 42 Pa.C.S.A. § 9871, we must have regard for the following statutory factors in our review of the certified record: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation, (3) the findings upon which the sentence was based, and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9871(d)(1)-(4). Additionally, when evaluating a challenge to the discretionary aspects of sentence, it is important to

remember that the sentencing guidelines are purely advisory in nature.

***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007).

Here, in its sentencing order, the trial court set forth the following reasons for its aggravated range sentence:

> These sentences are in the aggravated range under the sentencing guidelines because of the current number of multiple offense convictions, because of the multiple victims, because of the young ages of the victims, because of the severe violation of trust that occurred in this case, because of the extended period of time over which these offenses were committed, because [Appellant] has committed these types of crimes before and poses a serious and continuing threat to children, and because of the long term effects of [Appellant's] conduct upon these young victims.
>
> The court determines that any lesser sentence would depreciate the seriousness of these crimes.
>
> The court believes that [Appellant] can benefit from the sex offender programming available in the State Correctional System in the Commonwealth of Pennsylvania.

Trial Court Sentencing Order, 4/24/13, at 5-6.

Thus, it is apparent that the trial court, which was aware of the sentencing guidelines, took into account the relevant sentencing factors including the nature and circumstances of the crimes, the gravity of the offenses and their impact on the victims and the community, the need for protection of the public, Appellant's history and background, and Appellant's rehabilitative needs. Given the foregoing, we conclude that the trial court provided adequate reasons for the sentence imposed. The trial court did not

apply the guidelines erroneously, nor do we find that the trial court applied them unreasonably. 42 Pa.C.S.A. § 9781(c) and (d); *Walls, supra.* Appellant's discretionary claim therefore lacks merit.

In his third issue, Appellant argues that the evidence was insufficient to support the guilty verdicts. Appellant's Brief at 16-18.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276–77 (Pa. Super. 2006).

At trial, the Commonwealth presented ample testimony from the victims, who testified in detail about numerous occasions when Appellant exposed himself, masturbated in front of them, and/or inappropriately touched them. *See* N.T., 10/14/11, at 71-140; N.T., 10/17/11, at 9-78. In addition, the Commonwealth presented the testimony of N.J. and C.S., who testified that Appellant had exposed himself and/or inappropriately touched them in the past. N.T, 10/17/11, at 96-133. This testimony, which the jury

found credible, was sufficient to sustain Appellant's convictions, and Appellant's challenge to the sufficiency of the evidence is meritless.

Having reviewed the issues contained in the **Anders** brief, and after independent and thorough review of the record, we find Appellant's issues wholly frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015