J-A14006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| TERRYL JORDAN HANKERSON | |
| Appellant | No. 1317 MDA 2015 |

Appeal from the Judgment of Sentence June 26, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000969-2012
CP-22-CR-0002209-2011

BEFORE: BOWES, OTT AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 16, 2016**

Terryl Hankerson appeals from the June 26, 2015 judgment of sentence imposing an aggregate term of twelve to twenty-four years imprisonment after a jury found him guilty of robbery, criminal conspiracy, and carrying a firearm without a license. We affirm.

This appeal comes to us from re-sentencing after this matter was remanded to the trial court. In our previous disposition, we affirmed Appellant's convictions but vacated judgment of sentence. *Commonwealth v. Hankerson*, No. 1069 MDA 2014, 2015 WL 6164434 (Pa.Super. 2015). We found that the trial court abused its discretion when it failed to

---

* Retired Senior Judge assigned to the Superior Court.

adequately state the guideline ranges on the record. We accordingly remanded for re-sentencing.

We set forth the factual history of this case in our previous memorandum and adopt it herein:

> On October 9, 2011, at approximately 5:30 a.m., Michael J. Swartz, a taxi driver, was at the Exxon station at Sixth and Maclay Streets in Harrisburg when Appellant walked over from a dark-colored vehicle and asked Swartz for change for a one-hundred dollar bill. Swartz refused. Appellant pulled out a gun. Swartz ran away and Appellant gave chase. An unidentified man ("co-conspirator") followed Swartz in the dark vehicle and cut him off. Swartz fell to the ground just as Appellant and the vehicle caught up with him. Both men then attacked and beat Swartz before Appellant told his co-conspirator to go through Swartz's pockets. When Swartz struggled and fought back, Appellant said, "F**k it. I am just going to shoot him." Trial Court Opinion, at 3, citing Notes of Testimony Trial (N.T.). Just as Appellant pointed the gun at his face and moved to pull the trigger, Swartz reached for the gun and his finger jammed the hammer. The co-conspirator grabbed approximately $500 out of Swartz's pocket, and he and Appellant jumped into the dark vehicle and drove away.

*Id*. at 1.

Upon remand, the trial judge re-sentenced Appellant on June 26, 2015, imposing the identical sentence. Appellant received the statutory maximum sentence of ten to twenty years at the robbery charge, and a consecutive two to four years at the firearms count.[1] Appellant raises the following issue for our review:

---

[1] Appellant received a concurrent sentence at the conspiracy count.

Whether the trial court erred in the sentence imposed and [whether] Appellant can show that a substantial question [exists] as to whether the sentence imposed was appropriate under the sentencing code?

Appellant's brief at 4.

Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted). Appellant filed a timely post-sentence motion for reconsideration challenging the discretionary aspects of sentence, preserving the current claim. Appellant then timely appealed the order denying that motion.

As to the separate statement requirement, we note Appellant's brief fails to comply with Pa.R.A.P. 2119(f). That provision mandates that an appellant challenging the discretionary aspects of sentence shall set forth "in a separate section of the brief a concise statement of the reasons relied upon . . . [t]he statement shall immediately precede the argument on the merits." *Id*. Here, Appellant's brief sets forth the statement within the body

of the argument section. *See* Pa.R.A.P. 2111(a) (listing sections of the brief and order they shall appear). Moreover, the section addressing the substantial question inquiry largely intertwines the merits of the claim with the threshold question of whether we have jurisdiction to reach the merits. This statement is thus defective. Nevertheless, the Commonwealth does not challenge the adequacy of the statement and we will not find waiver on that basis. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa.Super. 2014).

We now address whether Appellant has raised a substantial question. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013). We glean two reasons from Appellant's brief. Appellant avers that the trial court did not consider mitigating factors, and claims that the court imposed an excessive sentence.

We first address the excessive sentence argument. Appellant cites *Commonwealth v. Gonzalez*, 109 A.3d 711 (Pa.Super. 2015) for the proposition that a claim of excessiveness coupled with an allegation of failure to consider mitigating circumstances raises a substantial question. *Gonzalez*, in turn, cites *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa.Super. 2013) (*en banc*). However, *Dodge* discussed excessive

sentences in the context of consecutive sentences for multiple crimes.[2] Here, however, the excessiveness claim is not based on consecutive sentences. Instead, it is predicated on the imposition of the statutory maximum for Appellant's conviction of a felony of the first degree. In this regard, Appellant cites 42 Pa.C.S. § 9781(3), which requires remand where "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." However, that provision applies only if, upon merits review, we conclude the sentence is unreasonable. It does not address our ability to reach the merits stage.

We discern that the excessive sentence claim is, in reality, a claim that the sentencing court failed to provide adequate reasons on the record to justify the departure from the guidelines. *Commonwealth v. Monahan*, 860 A.2d 180, 181 (Pa.Super. 2004). Hence, we decline to find that the imposition of a statutory maximum sentence, by itself, raises a substantial question based on excessiveness.

Nevertheless, we agree that a substantial question is often found where a sentence is outside the guidelines, and the appellant asserts a failure to consider relevant sentencing criteria. Indeed, the mere allegation of a failure to consider the factors outlined in 42 Pa.C.S. § 9721(b) may

_____

[2] Of course, such excessiveness claims often arise where the sentence for each individual crime is within the guidelines. Here, in contrast, the sentence imposed was the statutory maximum.

itself present a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa.Super. 2012) (finding substantial question where appellant alleged trial court did not consider relevant criteria); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa.Super. 2010) (same). *But see Commonwealth v. Cannon*, 954 A.2d 1222, 1229 (Pa.Super. 2008) (bald assertions or invocation of special words does not raise substantial question; appellant must articulate how the court violated the sentencing code). Due to the imposition of the maximum sentence at the robbery count and the allegation of failing to consider the sentencing factors, we find Appellant has raised a substantial question.

Having determined we have jurisdiction to review the claim, we now address whether the sentencing court abused its discretion. Our standard of review for sentencing claims is well-settled.

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super. 2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007)

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). As noted *supra*, Appellant asks us to vacate and remand since the sentence is outside the guidelines and is unreasonable. We are guided by the following

definition of reasonableness when assessing a sentence outside of the guidelines:

> The **Walls** Court noted that the term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment. It held that a sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b).

**Commonwealth v. Daniel**, 30 A.3d 494, 497 (Pa.Super. 2011). Here, it is clear that the sentencing court accounted for the factors outlined in 42 Pa.C.S. § 9721(b) (sentence must be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant). While the trial judge ultimately imposed the same sentence, he acknowledged in-court that he had weighed all those factors. Our prior disposition did not fault the court on that account; instead, we held the court failed to make that determination in-court and on the record. Additionally, we noted that the original Pa.R.A.P. 1925(a) opinion could not serve as an adequate substitute for an in-court acknowledgement of those factors. The re-sentencing proceeding herein meets the statutory requirements and it is clear by virtue of the prior opinion that the judge considered the factors in imposing an identical sentence. Appellant concedes that the trial court correctly set forth the guideline ranges. Appellant's brief at 13.

Upon our review of the record, and the sentencing factors outlined in 42 Pa.C.S. § 9781(d), [3] we find no basis to deem the judgment of sentence unreasonable. Appellant had a prior record score of two, and, as the trial court aptly noted, Appellant attempted to fire a gun during the robbery. Only the victim's opportune actions prevented the gun from firing.

Appellant also asserts that the possibility of death should be discounted since that risk is inherent in any robbery involving the threat of serious bodily injury. *Id*. at 15. However, the trial court could surely consider, in fashioning a sentence, the fact that the possibility of death dramatically multiplied once Appellant attempted to pull the trigger. Additionally, Appellant and his cohort chased and beat the victim. Appellant could have terminated the encounter at multiple points during the incident. In view of the four factors set forth in 42 Pa.C.S. § 9781(d) and the trial court's consideration of 42 Pa.C.S. § 9721(b), we cannot deem the sentence irrational. The sentence was guided by sound judgment. Therefore, we find no abuse of discretion.

---

[3] The four factors are: (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) The findings upon which the sentence was based; (4) The guidelines promulgated by the commission.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/2016</u>