J-S71037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARK BROWN | |
| Appellant | No. 2095 EDA 2015 |

Appeal from the Judgment of Sentence June 7, 2011
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0400851-2002

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:               **FILED MARCH 15, 2017**

Appellant, Mark Brown, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation. Appellant challenges the discretionary aspects and legality of his revocation sentence. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. *See* Trial Ct. Op., 3/17/16, at 1-3. Appellant raises the following issues on appeal:

> I. Was the sentence imposed by the trial court, which was 5 to 10 years in state prison followed by 10 years['] probation, unjust, improper, manifestly unreasonable, and an abuse of discretion because the sentence imposed of total incarceration plus 10 years['] probation was contrary to the fundamental norms which underlie the sentencing process?

---

[*] Former Justice specially assigned to the Superior Court.

II. Was the sentence imposed by the trial court illegal because including the initial sentence of the court on the robbery offense of 11 ½ to 23 [months' imprisonment], the entire sentence imposed was longer than the maximum authorized allowable sentence of 20 years?

Appellant's Brief at 2.

In his first issue, Appellant's challenges the discretionary aspects of his revocation sentence.[1] Appellant argues his revocation sentence of five to ten years' imprisonment, followed by ten years' probation, is manifestly excessive. Appellant further alleges the court failed to consider mitigating factors, including Appellant's age, rehabilitative needs, family history, that he was gainfully employed while on probation, and that he remained crime-free for the majority of his probation. Appellant concludes this Court should vacate his judgment of sentence. We conclude Appellant is not entitled to relief.

After careful consideration of Appellant's brief, the record, and the decision of the trial court, we affirm Appellant's discretionary aspects issue on the basis of the trial court's opinion. **See** Trial Ct. Op. at 4-11 (finding: (1) Appellant demonstrated that he was not amenable to probation when he committed new offenses; (2) Appellant originally pleaded guilty to first-degree robbery, first-degree aggravated assault, and criminal conspiracy,

---

[1] Appellant preserved his discretionary aspects of sentencing issue by filing a post-sentence motion and notice of appeal *nunc pro tunc*, including a Pa.R.A.P. 2119(f) statement in his brief, and alleging that his discretionary aspects claims raised a substantial question. **See Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

which each carried a maximum sentence of twenty years' imprisonment; (3) at the time of his original guilty plea, the plea/sentencing court had the statutory authority to sentence Appellant to a total of forty years' imprisonment; (4) the trial court imposed a reasonable sentence of five to ten years' imprisonment, followed by ten years' probation for all offenses; (5) before imposing Appellant's revocation sentence, the court considered all relevant factors, including the number of victims harmed by Appellant's criminal conduct, the manner in which he committed the crimes, the protection of society, Appellant's mental aptitude, employment history, prior criminal record, the sentencing guidelines, statutory maximums, and the factors set forth in 42 Pa.C.S. § 9721(b), such as Appellant's age, rehabilitative needs, and family history; (6) the court also balanced the interests of both society and Appellant in determining that his conduct indicated that probation was not an effective means by which to accomplish rehabilitation and deter future criminal conduct; (7) the court was not required to order a pre-sentence investigative report and a mental health evaluation; (8) the court had the opportunity to review Appellant's probation history, as well as his demeanor during several court proceedings; (9) the court properly revoked Appellant's sentence; (10) Appellant's claim lacks merit because the court had sufficient information to determine a reasonable sentence after revoking Appellant's probation).

In his second issue, Appellant argues his revocation sentence for robbery is illegal because his revocation sentence of five to ten years' imprisonment followed by ten years' probation combined with his original sentence of confinement, eleven-and-one-half to twenty-three months, exceeds the statutory maximum of twenty years for a first-degree felony.[2] Appellant concludes this Court should vacate his judgment of sentence. We conclude Appellant is not entitled to relief.

"The issue of whether a sentence is illegal is a question of law and our scope of review is plenary." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted).

> Our statutory and case law are clear. Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration to the time spent serving the order of probation. As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal. Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

*Id.* at 1285 (citations and quotation marks omitted). Nevertheless, "a defendant who had previously served time on a split sentence and was subsequently sentenced to the maximum term after revocation of his probation was entitled to credit for time served for his original period of

---

[2] *See* 18 Pa.C.S. § 1103(1).

incarceration." ***Id.*** at 1284-85 (citing ***Commonwealth v. Williams***, 662 A.2d 658, 659 (Pa. Super. 1995)).

Here, Appellant was originally sentenced to eleven-and-one-half to twenty-three months' imprisonment for robbery. Upon revocation, the court resentenced Appellant on the robbery offense to five to ten years' imprisonment, followed by ten years' probation. Although combining these sentences would subject Appellant to a sentence beyond the twenty-year statutory maximum for a first-degree felony, the court granted Appellant credit for all time served upon imposing his revocation sentence. ***See*** N.T., 6/7/11, at 22. Therefore, Appellant's revocation sentence for robbery is not illegal, as it does not exceed the statutory maximum. ***See Crump***, 995 A.2d at 1284-85. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0400851-2002
:
:
:
v. : SUPERIOR COURT **FILED**
:
: MAR 17 2016
:
MARK BROWN : 2095 EDA 2015 Criminal Appeals Unit
First Judicial District of PA

## OPINION

Byrd, J.                                                                    March 17, 2016

On May 21, 2003, defendant entered into a non-negotiated guilty plea to charges of first-degree robbery, first-degree aggravated assault, and criminal conspiracy. Defendant's sentencing hearing was deferred, and both a pre-sentence investigation and mental health evaluation were ordered. On August 5, 2003, defendant was sentenced to time served (twenty (20) months) to forty-eight (48) months state incarceration with immediate parole, followed by six (6) years consecutive probation. However, on August 11, 2003, this court vacated that sentence and re-sentenced defendant to eleven and one-half (11 ½) to twenty-three (23) months incarceration followed by eight (8) years consecutive probation.

On May 21, 2010, defendant pled guilty before the Honorable Anthony Sarcione in the Montgomery County Court of Common Pleas to the charge of criminal conspiracy to engage in retail theft - taking merchandise, at CP-15-CR-0002424-2008. He was sentenced to fourteen (14) days to twenty (23) months incarceration followed by one (1) year probation. On June 15, 2010, defendant pled guilty before the Honorable Steven T. O'Neill in the Montgomery County Court of Common Pleas to driving under the influence of alcohol or controlled substance:

*Commw. v. Mark Brown*                    Page 1 of 11

general impairment (first offense), at CP-46-CR-0005097-2008, and was sentenced to six (6) months probation. On July 30, 2010, defendant pled guilty before the Honorable Steven T. O'Neill in the Montgomery County Court of Common Pleas to receiving stolen property, at CP-46-CR-0002534-2008. He was sentenced to one hundred and eight (108) days to twenty-three (23) months incarceration to be followed by two (2) years probation. In addition to these convictions, defendant absconded from the Philadelphia Probation Department on September 8, 2008, and missed a scheduled meeting with his probation officer on May 17, 2011.

In light of the above, a violation of probation hearing was held on June 7, 2011, and defendant was found to be in technical and direct violation of the probationary terms imposed by this court. Consequently, this court revoked defendant's probation and re-sentenced him to an aggregate imprisonment term of five (5) to ten (10) years followed by ten (10) years probation. Defendant did not file a post-sentence motion or an appeal of his new sentence.

On September 27, 2011, defendant filed a petition under the Post Conviction Relief Act (PCRA). Norman Orville Scott, Esquire, was appointed as counsel, and filed an amended PCRA petition on July 29, 2014. On April 24, 2015, Mr. Scott was removed and John P. Cotter, Esquire, was appointed as counsel. On June 19, 2015, counsel filed a second amended PCRA petition wherein he sought the reinstatement of defendant's right to file a post-sentence motion and an appeal, nunc pro tunc. The Commonwealth did not oppose this petition. On June 26, 2015, this court granted defendant PCRA relief, permitting him to file a post-sentence motion and an appeal from the judgment of sentence imposed after the revocation of his probation on June 7, 2011. Defendant filed a motion requesting modification of his sentence on June 29, 2015, and a notice of appeal on July 10, 2015. This court ordered defendant to file a statement of

matters complained of on appeal on July 15, 2015. Defendant filed his statement on July 23, 2015.

## STATEMENT OF FACTS

On July 23, 2001, at approximately 8:00 a.m., co-conspirator Wykiem Nelson entered Phoung Lam's corner grocery store located at 2838 Wharton Street, looked around the store and exited without making a purchase.[1] A few minutes later he returned to the store and purchased a pretzel. Wykiem Nelson then returned to the store a third time, with defendant Mark Brown and co-conspirator Reginald Lynch, and asked for another pretzel. While complainant Phoung Lam was making the pretzel, defendant and his co-conspirators grabbed Ms. Lam from the back, causing her to fall. Defendant and his co-conspirators then repeatedly struck her in the head and body and took $700 and a bag of change from the store before fleeing. Ms. Lam was admitted to the Hospital of the University of Pennsylvania, where she was treated for head trauma including a zygomatic fracture and an occipital lobe contusion. Ms. Lam was released from the hospital on July 25, 2001.[2]

Defendant and his co-conspirators knew Ms. Lam from the neighborhood. One of Ms. Lam's daughters has a child by defendant's brother, Joseph Sill. Another of Ms. Lam's daughters has a child by co-conspirator Reginald Lynch. Defendant was not arrested for this crime until November 19, 2001, when he was apprehended on a warrant.[3]

---

[1] Co-defendant Wykiem Nelson was convicted by a jury of first-degree robbery and criminal conspiracy, on May 27, 2003.

[2] *See Commonwealth v. Wykiem Nelson*, N.T. 05/23/03, p. 6.

[3] This court relied upon the facts stated in its October 27, 2004 1925(a) opinion in *Commonwealth v. Wykiem Nelson*, 3753 EDA 2003, and in its July 3, 2003 response to the Superior Court's request for a statement of reasons for revoking and denying bail for co-defendant *Wykiem Nelson*, at 56 EDM 2003.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Defendant raised the following issues in his Statement of Matters Complained of on Appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b):[4]

1. The sentence imposed did not take into consideration the requirements of 42 Pa CSA sec. 9721(b).

2. The sentence imposed did not take into consideration the defendant's age, family history and rehabilitative needs.

3. The sentence imposed of 5 to 10 years in prison was an abuse of discretion and unreasonable because the trial court only considered the defendant's criminal history in imposing punishment.

4. The imposition of a consecutive 10 years of probation to the 5 to 10 year prison sentence was an abuse of discretion and unreasonable.

5. The trial court imposed the sentence without a presentence report or mental health evaluation.

6. The defendant reserves the right to modify, amend, and/or supplement this statement.

## DISCUSSION

All of the issues raised in defendant's statement relate to the sentence imposed by this court after revocation of his probation. In an appeal from the revocation of a probation sentence, our Superior Court reviews "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). Indeed, "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (quoting *Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012)). An abuse of

---

[4] The following is a verbatim account of defendant's Statement.

discretion is more than just an error in judgment. It is "synonymous with a failure to exercise a sound, reasonable, and legal discretion." *Commonwealth v. Myers*, 554 Pa. 569, 574, 722 A.2d 649, 651 (1998) (quoting *Commonwealth v. Powell*, 527 Pa. 288, 298, 590 A.2d 1240, 1245 n.8 (1991)). The appellate court will not conclude that the trial court has abused its discretion unless the record discloses that the trial court's judgment was manifestly unreasonable, or the result of partiality, bias or ill-will. *See McNabb. See also Commonwealth v. Gould*, 912 A.2d 869 (Pa. Super. 2006) (holding that the standard of review is very narrow for a challenge to the discretionary aspects of a defendant's sentence). A sentence must either exceed the statutory limit or be manifestly excessive to constitute an abuse of discretion. *See Commonwealth v. White*, 491 A.2d 252 (Pa. Super. 1985).

Defendant alleges that his sentence was unreasonable and an abuse of this court's discretion. In *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015), the court noted that "[u]pon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." By participating in additional criminal activity, defendant demonstrated that he was not amenable to probation and that he was a menace to society, thereby subjecting himself to the statutory maximum sentence for his original offense. Accordingly, this court did not abuse its discretion because defendant's sentence was not excessive and did not exceed the statutory limits for each offense. *See Commonwealth v. Martin*, 611 A.2d 731, 737 (Pa. Super. 1992) (holding that "a claim of excessiveness ... does not constitute a substantial question when the sentence in question is within the statutory limits"). Defendant pleaded guilty to first-degree robbery, first-degree aggravated assault, and criminal conspiracy. A defendant convicted of robbery, where the victim suffered serious bodily injury, has committed a first-degree felony. *See* 18 Pa. C.S.

§3701(a)(1)(ii), (b). A first-degree felony carries a maximum term of twenty (20) years imprisonment. *See* 18 Pa. C.S. §1103(1). The offense of aggravated assault is a first-degree felony when defendant has caused serious bodily injury to the victim. *See* 18 Pa. C.S. §2702(a)(1), (b). As mentioned above, the court may sentence an individual convicted of a first-degree felony to a maximum confinement term of twenty (20) years. *See* 18 Pa. C.S. §2702(a)(1), (b); 18 Pa. C.S. §1103(1). For his criminal conspiracy conviction, defendant was subject to the same sentence as the most serious crime for which he was convicted. *See* 18 Pa. C.S. §905(a). Accordingly, defendant could have been sentenced to an additional twenty (20) years in prison for criminal conspiracy. In total, it would have been within this court's statutory authority to sentence defendant to a maximum period of confinement of forty (40) years on these two offenses alone. *See Coommonwealth v. Booze*, 953 A.2d 1263 (Pa. Super. 2008) (noting that 42 Pa. C.S. §9721 gives sentencing court discretion to impose consecutive or concurrent sentences); *Commonwealth v. Yuhasz*, 592 Pa. 120, 133, 923 A.2d 1111, 1119 (2007) (holding that "[t]he only line that a sentence may not cross is the statutory maximum sentence"). Instead, defendant was sentenced to an aggregate term of five (5) to ten (10) years in a state correctional institution followed by ten (10) years probation.

Contrary to defendant's argument, his sentence was reasonable. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (noting that "[w]hen reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable"); *Commonwealth v. Daniel*, 30 A.3d 494, 497 (Pa. Super. 2011) (recognizing that "the term 'unreasonable' generally means a decision that is either irrational or not guided by sound judgment"). In determining whether a sentence was reasonable, the appellate court reviews: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the sentencing court's opportunity to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *Id.* (citing 42 Pa. C.S. §9781(d)). The record shows that this court considered the above-listed factors before imposing a reasonable sentence on defendant.

Defendant incorrectly asserts that this court did not consider the factors set forth in Section 9721(b) of the Sentencing Code, 42 Pa. C.S. §9721(b),[5] and that there was no consideration of his age, family history and rehabilitative needs. Moreover, there is no support for defendant's contention that this court considered only his criminal history when fashioning the sentence. The record reflects that this court considered all relevant factors, including the number of victims harmed by defendant's criminal conduct, the manner in which defendant committed these crimes, the protection of society, the sentencing guidelines, as well as his age,

---

[5] Section 9721(b) states:

> (b) General standards.--In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).[1] In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for county intermediate punishment), 2154.2 (relating to adoption of guidelines for State intermediate punishment), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

mental aptitude, educational attainment, family history, employment history, prior criminal record, and rehabilitative needs before imposing defendant's sentence. *See* N.T. 06/07/11, pp. 3-22. Because this court carefully reviewed the sentencing guidelines, the statutory maximum for each conviction, the facts of this case, defendant's individual circumstances and background, and all other legally permissible and pertinent factors, there is no support for defendant's claim that his sentence was unreasonable. As the court held in *Commonwealth v. Eicher*, 605 A.2d 337, 354 (Pa. Super. 1992) (quoting *Commonwealth v. Clever*, 576 A.2d 1108, 1110 (Pa. Super. 1990)), the sentencing court must be accorded great weight "as it is in the best position to view the [individual's] character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." Indeed, this court carefully assessed defendant's individual situation and the circumstances surrounding the various crimes he committed before imposing sentence.[6] Furthermore, there were no impermissible factors considered by this court.

---

[6] Before imposing sentence, this court stated the following:

> Mr. Brown, you will recall that I initially sentenced you to a period of state incarceration and both the assistant district attorney and the defense attorney sought reconsideration of the sentence because at that time you had no prior conviction as a juvenile or an adult. I relented and sentenced you to a period of county incarceration, time served to 48 months, paroled you immediately. That was followed by a period of probation and I directed that you be employed, that you enroll in and complete drug therapy, that you pay $700 in restitution and $277.50 in court costs.
>
> I also told you the following: Sir, if you have any thoughts of returning to a life of crime, you should appreciate that there are consequences and one of those consequences is that, and this was in reference if you were convicted of a crime of violence, the first conviction having constituted a first strike, you cannot come before that judge as you did before me and plead for leniency. Well, you can do it but the judge could have no authority to do it. Do you understand? You said yes.
>
> I would hope that you will continue to be the person that the record suggests you were before you ran into Mr. Nelson, your co-defendant or whomever it was that you allied yourself with when you decided to take from someone who works 12 hours a day, seven days a week. People like that are appreciated in our society. Do you understand? You told me yes. You told me you would not engage in any misconduct.

Before revoking defendant's probation and re-sentencing him to the above-stated term of incarceration, this court carefully considered "whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." *Commonwealth v. Kates*, 452 Pa. 102, 114-115, 305 A.2d 701, 708 (1973). *See also Commonwealth v. Mullins*, 591 Pa. 341, 349, 918 A.2d 82, 86 (2007) (ruling that "[e]ven where the VOP hearing record is insufficient to sustain revocation of probation, this purpose should not be frustrated"). In making such a determination, "the court balances the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." *Commonwealth v. Del Conte*, 419 A.2d 780, 783 (Pa. Super. 1980). In *Commonwealth v. Carver*, 923 A.2d 495, 499 (Pa. Super. 2007), the court explained that "it is only when 'it becomes apparent that the

---

Now, I can appreciate that you've had only eight years to pay off the $700. But it seems to me you could have exhausted that sum by paying about $100 a year.

How much has he paid?

[Probation Officer]: Fifty-five dollars, Your Honor.

THE COURT: I think you just thumb your nose at me and at this system and I think that you've engaged in criminal misconduct and you've gotten away with it. I do not intend to permit you to continue to violate others. When you were here the last time, you had a prior record score of zero. The offense gravity score was 12. The guidelines were 48 to 66, plus or minus 12, and you got a county sentence.

I have determined that you are not amenable to probation and that a period of state incarceration is required to protect other members of our society from you.

Mr. Marcus, Mr. Powers, neither of you was involved in this case but the defendant and his co-defendant took it upon themselves to rob a merchant, one of the local restaurants. They went into the store and beat this woman about her face, fractured her orbital bone and they stole $700 from her. The defendant set this up because his brother had fathered a child by the shopkeeper's daughter. I thought it was a fairly heinous crime at the time but the parties thought that because of his outstanding record, he should be given a break. I vacated the stated sentence and gave him a county sentence. This is what I have to -- this is what the defendant has done in response to that.

N.T. 06/07/11, pp. 18-21.

probationary order is not serving this desired end (of rehabilitation) the court's discretion to impose a more appropriate sanction should not be fettered." *Id.* at 499 (quoting *Kates*, 452 Pa. at 115, 305 A.2d at 708). In balancing the interests of society and those of defendant, this court did not err in determining that probation was an ineffective vehicle in accomplishing defendant's rehabilitation and deterring future criminal conduct. Thus, defendant's probation was properly revoked, and his new sentence was not illegal nor was it an abuse of this court's discretion. Thus, there is no merit to defendant's claim that this court imposed an unreasonable sentence.

Defendant further claims that his new sentence was imposed without a pre-sentence investigation or mental health evaluation. Certainly, it is within the sentencing court's discretion to order a pre-sentence investigation and a mental health evaluation, but such was not required in this case. *See* Pa. R. Crim. P. 702(A)(1), (B); *Commonwealth v. Vernille*, 418 A.2d 713, 719 (Pa. Super. 1980) (stating that "[b]road discretion is reposed in the judge to receive relevant information to make the determination of sentence"). As the court stated in *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722 (Pa. Super. 2013):

> The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background....The court must exercise 'the utmost care in sentence determination' if the defendant is subject to a term of incarceration of one year or more[.]

*Id.* at 725 (Pa. Super. 2013) (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000)). It is important to note that this was not the first time defendant had been before this court for sentencing purposes. Prior to imposing defendant's original sentence in August 2003,

this court had the benefit of both a pre-sentence investigation and a mental health evaluation. In addition, a Gagnon II hearing summary was submitted which apprised this court with the particular circumstances surrounding defendant's probation violations. It is further important to note that this court had the opportunity to observe defendant's demeanor during several court proceedings. Indeed, the record shows that more than sufficient information was available to enable this court to formulate a careful and reasonable sentence after defendant's probation was revoked.

Accordingly, in light of the foregoing, the judgment of sentence should be AFFIRMED.

BY THE COURT:

Sandy L.V. Byrd,   J.